Finding of Fact: The court finds that plaintiff did not prove that he was employed by the defendant and at the same time was employed by Erwin with the knowledge and consent of the defendant.

---

**Chicago Iron & Metal Company, Plaintiff in Error, v. Jacob Berkson and Myer Berkson, trading as Berkson Bros., Defendants in Error.**

**Gen. No. 19,098.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

### Statement of the Case.

Replevin by Chicago Iron & Metal Company, a corporation, against Jacob Berkson and Myer Berkson, trading as Berkson Bros., to recover possession of certain scrap iron. To reverse a judgment in favor of defendant, plaintiff brings error.

BERNARD MARGOLIS, for plaintiff in error; J. S. MC-CLURE, of counsel.

SAMUEL J. ANDALMAN, for defendants in error; JACOB COHEN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 361*—*when vendee cannot maintain replevin for goods,* In replevin for scrap iron claimed to have been purchased of defendant, where plaintiff paid a certain sum on the contract and

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

proceeded to remove the iron from defendant's yards until he had removed a quantity which at the agreed price would have amounted to the sum paid, when he was stopped by the defendant from removing any more iron, *held* that a verdict and judgment for defendant was proper, it appearing that the sale was a "spot cash" sale and that no goods were to be removed until paid for.

---

### C. A. Bergh v. Charles P. Crosby.
### Swan Nelson (Intervenor), Defendant in Error, v. Orville D. Eastman (Garnishee), Plaintiff in Error.

### Gen. No. 19,160.

1. JUDGMENT, § 642*—*when Municipal Court has jurisdiction to strike from files an assignment purporting to satisfy a judgment.* The Municipal Court may upon motion strike from the files an assignment and satisfaction piece purporting to satisfy a judgment in that court, where the facts are simple and easy to ascertain.

2. GARNISHMENT, § 105*—*when judgment against garnishee may be entered in the name of nominal plaintiff.* In a garnishment proceeding commenced by attachment where the attachment plaintiff pending an appeal by him assigned his claim to a third party, and the garnishee was notified of the assignment, *held* that the assignee was not a stranger to the matter and that a judgment entered against the garnishee in the name of the attachment plaintiff had the same force and effect as if it stood of record in his name.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

GEORGE H. MASON, for plaintiff in error Orville D. Eastman.

EINAR C. HOWARD, for defendant in error Swan Nelson.

MR. JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.